# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID DOTSON; MEAGAN
DOTSON; 288 CLIENTS OF
DAVID AND MEAGAN
DOTSON; JERRY GUM;
and DANA GUM,

        Plaintiffs,

vs.                                                  Civ. No. 25-509 SCY/JHR

JOSEPH ACORD, individually;
and JOHN DOE 1, individually,

        Defendants.

## ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYMS

Plaintiffs' amended complaint identifies several Plaintiffs by name: Jerry Gum, Dana Gun, attorney David Dotson, and attorney Meagan Dotson. Doc. 2-1 at 41. The amended complaint is also filed on behalf of "288 clients of David and Meagan Dotson" who, Plaintiffs claim, are the victims of Defendants' illegal search and seizure of client files that were in the Dotsons' possession. *Id*. Nowhere in the amended complaint are the 288 clients individually named. As such, the Court entered an Order Regarding use of Pseudonym, requiring Plaintiffs to amend the complaint to individually name the 288 clients or to file a motion to proceed anonymously. Doc. 8. Plaintiffs then filed a Motion for Leave to Proceed Under Pseudonyms and for a Protective Order. Doc. 11. In this motion, Plaintiffs seek leave for these 288 clients to proceed anonymously and further seek a protective order that limits disclosure of the identities of the 288 clients to defense counsel. Doc. 11 at 1. For the reasons set forth below, the Court denies Plaintiffs' motion.

<u>Motion to Proceed Anonymously</u>

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a)

prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005). Indeed, the Tenth Circuit has recognized that only "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer*, 227 F.3d at 1246 (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).[1]

The Court finds that the present case does not fall into any of the exceptional circumstances. First, this case does not involve matters of a highly sensitive and personal nature. Plaintiffs argue that the 288 clients should be allowed to proceed anonymously in order to protect their "private personal information and other sensitive facts concerning their mental and

---

[1] In their motion, Plaintiffs apply a Fourth Circuit standard from *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993). Doc. 11 at 7. The Court instead applies the standard adopted by the Tenth Circuit.

physical health, assets, financial accounts, location of assets, safe combination, location of keys and other sensitive information." Doc. 11 at 2. However, disclosure of the 288 clients' names is not the same thing as disclosing their personal information. Indeed, the amended complaint contains no personal information about the 288 clients that would then be linked to them if their names were disclosed. Rather, the amended complaint only alleges that they are clients of attorneys David and Meagan Dotson. Doc. 2-1 at 41-62. And, although Plaintiffs argue that their claims "involve matters of highly sensitive and personal nature that are protected by attorney/client privilege, contain highly sensitive identifying medical information, financial, personal, and familial information as well as the information for their children." *id.* at 4, their claim is merely that their client files were seized. Requiring the 288 clients to attach their names to this claim only discloses that they are clients of an attorney; it does not require them to disclose the contents of the client files they allege were illegally seized. As set forth below, if Defendants seek discovery of information Plaintiffs consider to be sensitive and cannot reach an agreement with Defendants regarding the protection of such information, Plaintiffs may then seek a protective order from the Court.

Second, Plaintiffs' arguments of harm should they be required to disclose their identities are unconvincing. Plaintiffs argue that they should be allowed to proceed anonymously due to fear of retaliation from Defendants. Doc. 18 at 3-4. However, they also acknowledge that, because Defendants seized Plaintiffs' client files, Defendants are already aware of the identities of the 288 clients. Doc. 11 at 3. It is thus unclear how disclosure of Plaintiffs' names would open them to further retaliation from Defendants. As to retaliation from others, Plaintiffs allege that "many of the 288 unnamed Plaintiffs do business with the Defendant's employer, State of New Mexico and have already been retaliated against by the government that the Defendant works

for." Doc. 11 at 8. But again, if the state already knows their identities, it is unclear how disclosure of Plaintiffs' names would open them to further retaliation.

Third, this case is not the type where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. *See Luo v. Wang*, 71 F.4th 1289, 1300 (10th Cir. 2023) (plaintiffs are "not suing . . . in order to prevent the disclosure of [their] private File; rather, [they are] suing for compensation for disclosure that has already happened.") (quoting *Doe v. FBI*, 218 F.R.D. 256, 257-58 (D. Colo. 2003)). Although the public may not yet be aware of Plaintiffs' names, the public disclosure of Plaintiffs' identities will only reveal to the public that Plaintiffs are allegedly the victims of an unlawful searches and seizures. And, it is commonplace for the identities of plaintiffs who file Fourth Amendment claims to be disclosed. Plaintiffs here have not demonstrated that merely identifying them as having brought such claims will harm them to such a degree that the strong presumption in favor of open proceedings is overcome.

Plaintiffs also argue that allowing them to proceed anonymously creates "no possible prejudice" to Defendants "since the information has no nexus with the underlying action." Doc. 11 at 2, 6. The plaintiffs who bring a lawsuit, however, are obviously connected to the lawsuit they file. And, given that "[l]awsuits are public events", the names of the plaintiffs bringing a lawsuit are usually also public events. *Femedeer*, 227 F.3d at 1246 (internal citation omitted).

To the extent Plaintiffs are arguing that the information in their illegally seized underlying case files are unconnected to the constitutional violations alleged, they may be right. But the relevancy and potential disclosure of information in Plaintiffs' underlying case files is not presently before the Court. The question presently before the Court is whether Plaintiffs should be able to proceed anonymously and the possibility that an underlying, illegally seized,

file might contain some yet-to-be-identified sensitive information fails to support Plaintiffs' current motion to proceed anonymously. Plaintiffs' concerns about the disclosure of information in their underlying case files can be addressed when such disclosure is at issue.

Plaintiffs' argument that limiting disclosure of Plaintiffs' identities to defense counsel would not prejudice Defendants also fails to recognize the public's interest in open proceedings. Defendants argue that if Plaintiffs "are all allowed to proceed anonymously, it will be difficult to apply legal principles of res judicata and collateral estoppel, which has been identified as an important public interest." Doc. 12 at 12. The Court agrees. Without the names of 288 of the plaintiffs in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Femedeer*, 227 F.3d at 1246.

Even setting res judicata and collateral estoppel concerns aside, however, the Tenth Circuit has noted that lawsuits are public events and plaintiffs should only be allowed to proceed anonymously in exceptional circumstances. This case does not fall into one of the exceptional circumstances allowing for anonymity. Plaintiffs' desire for anonymity simply does not outweigh the public's interest in open court proceedings. The Court thus denies the 288 clients' request to proceed under a pseudonym.

<u>Motion for Protective Order</u>

Plaintiffs also seek a "protective order limiting disclosure of their identities to counsel for the Defendants." Doc. 11 at 1. In ordering Plaintiffs to file a second amended complaint that identifies the currently unnamed 288 plaintiffs, the Court is necessarily denying Plaintiffs' request for a protective order that limits disclosure of their identities to the Defendants.

Plaintiffs also write, however, "The granting of a protective order under Rule 26(c) requires a showing of good cause by the movant, which Plaintiffs have shown here as the

information consists of all the files associated with a law firm that contain not only attorney/client privileged information, but also the identities and sensitive personal medical and financial information of the Plaintiffs and their minor children as well as other clients." Doc. 11 at 5. This language could be construed as seeking a protective order related to the information contained in the client files. *See also* Plaintiffs' Reply, Doc. 18 at 3 ("The granting of a protective order under Rule 26(c) requires a showing of good cause by the movant, which Plaintiffs have shown here as the information consists of all the files associated with a law firm that contain not only attorney/client privileged information, but also the identities and sensitive personal medical and financial information of the Plaintiffs and their minor children as well as other clients.").

To the extent Plaintiffs seek a protective order related to the discovery of information, such motion is premature. Federal Rule of Civil procedure 26(c) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Discovery has not yet begun. As the case proceeds to discovery, Plaintiffs are welcome to confer with Defendants regarding a protective order for specific documents they believe should remain protected and the Court will address any such requests at that time. *See* Fed. R. Civ. P. 26(c) ("A party or any person from whom discovery is sought may move for a protective order. . . .").

To the extent Plaintiffs seek an order protecting against the disclosure of information they allege Defendants have in their possession by virtue of the allegedly illegal searches and seizures that form the basis of their claims, Plaintiffs must consult with Defendants before seeking relief from the Court. D.N.M.LR-Civ. 7.1. Plaintiffs do not claim to have engaged in such consultation and Defendants assert that "Plaintiffs did not confer or otherwise request Defendants' position on

this motion . . . ." Doc. 12 at 2. Should Plaintiffs and Defendants be unable to agree to the terms of an order governing the disclosure of information Defendants already have in their possession, Plaintiffs may file a motion directed at protecting such information. If Plaintiffs file such a motion, they must set forth the precise relief sought and legal authority in support of such relief. At this point, the Court denies Plaintiffs' request for a protective order without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Proceed Under Pseudonym and for a Protective Order (Doc. 11) is DENIED. By September 23, 2025, Plaintiffs shall file a second amended complaint individually naming the 288 client Plaintiffs.[2]

_____
Steven C. Yarbrough
United States Magistrate Judge

---

[2] If any of the 288 clients are minors, they should proceed under their initials. Fed. R. Civ. P. 5.2(a).