IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID DOTSON et al.,

      Plaintiffs,

vs.                                                                       Civ. No. 25-509 SCY/JHR

JOSEPH ACORD, individually; and
JOES DOE 1, individually,

      Defendants.

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR PAGE EXTENSION

      Plaintiffs represent that they "have prepared a Motion for Summary Judgment, Declaratory Judgment, Suppression and Injunctive Relief which without exhibits, is likely to exceed eighty pages." Doc. 57 at 1. As such, Plaintiffs seek a page extension. Doc. 57 (Plaintiffs' Motion to Exceed Page Limit for Motion for Summary Judgment, filed January 29, 2026). Although the Court is amenable to a lesser page extension, Plaintiffs fail to justify the extension they request. The Court therefore denies Plaintiffs' motion without prejudice to refiling.

      This District's Local Rules provide that "[t]he length of a motion or, if a separate brief is filed in support of a motion, the combined length of a motion and supporting brief, must not exceed twenty-seven (27) double-spaced pages."[1] D.N.M. LR-Civ. 7.5. "The Court has broad discretion to grant or deny such motions [for a page extension], provided that it does not place unreasonable limitations on the information available to the court to render an informed decision." *Navajo Health Found.-Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1181 (D.N.M. 2015) (cleaned up).

---

[1] This page limit does not include exhibits, which must not exceed 50 pages. D.N.M. LR-Civ. 10.5

In requesting an open-ended page extension to allow for a brief "likely to exceed eighty pages", Plaintiffs explain that "[t]he issues and facts relevant to Summary Judgment, Declaratory Judgment, Suppression and Injunctive Relief are so intertwined, that filing separate motions would be repetitive and unduly burdensome," and that "[t]he issues are complex and require extensive analysis of the law and facts on all these issues." *Id.* ¶¶ 3-4.

Although the Court encourages consolidated motions practice, the Court will not grant the requested page extension on the current information provided. Other than stating that the issues are complex, Plaintiffs fail to explain why they need nearly triple the amount of pages allowed by the Local Rules. Indeed, the Court assumes Plaintiffs' forthcoming motion may not be their only dispositive motion in this case as Judge Ritter has bifurcated discovery and motions practice into two phases, separating discovery and motions practice between the investigation (phase 1) and liability and damages (phase 2). *See* Doc. 34. Given this bifurcation, the very large extension request, and the limited explanation provided by Plaintiffs, the Court has concerns that the forthcoming motion may not be as succinct as it could be. *See Jarita Mesa Livestock Grazing Ass'n v. United States Forest Serv.*, No. CIV 12-0069 JB/KBM, 2015 WL 13662578, at *12 (D.N.M. May 21, 2015) ("The Court encourages parties to 'narrowly tailor' page extensions, taking up no more additional length than is reasonably necessary to effectuate the extension's purported purpose.").

Additionally, Plaintiffs fail to request a specific page extension, instead stating that their forthcoming motion "is likely to exceed eighty pages." Doc. 57 ¶ 2. The Court declines to grant such an open-ended page extension.

**IT IS THEREFORE ORDERED** the Plaintiffs' Motion to Exceed Page Limit for Motion for Summary Judgment (Doc. 57) is DENIED WITHOUT PREJUDICE. Should

Plaintiffs wish to refile their motion, they should state the exact number of pages above 27 that they are seeking to add and should include specific detail as to why such a large page extension is needed.

_____
Steven C. Yarbrough
United States Magistrate Judge