IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID DOTSON, *et al.*,[1]

      Plaintiffs,

v.                                                                      No. 1:25-cv-00509-SCY-JHR

JOSEPH ACORD and
JOHN DOE 1, *individually*,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL (DOC. 41)

THIS MATTER comes before Plaintiffs' Motion to Compel Full and Complete Interrogatory Discovery Responses [Doc. 41]. Despite the title, Plaintiffs seek to compel discovery from Defendants pursuant to Fed. R. Civ. P. 26(a)(1)'s provision for initial disclosures. *See id.* Defendant Joseph Acord filed a response [Doc. 46] and Plaintiffs replied [Doc. 49]. The Court, having reviewed the briefing, case record, and applicable law, DENIES the Motion to Compel and will award attorney fees to Acord pursuant to Fed. R. Civ. P. 37(a)(5).

## I.      PROCEDURAL BACKGROUND

This case concerns 42 U.S.C. § 1983 claims for federal and state constitutional violations against New Mexico Department of Game and Fish ("NMDGF") officers Joseph Acord and John Doe 1.[2] The claims arise from the officers' investigation into Plaintiff David Dotson for the killing of a protected oryx in the White Sands Missile Range. *See* [Doc. 31, at 12]. On April 28, 2025, Plaintiffs filed a complaint against Defendants followed by an amended complaint on May 7, 2025.

---

[1] In the interest of saving pages, the Court orders all parties to begin captioning the Plaintiffs in this case with "David Dotson, et al." in their filings.

[2] John Doe 1 appears to be NMDGF officer Jake Morales. *See* [Doc. 31, at 9]. As of this Order, Morales has not been joined as a named party.

[Doc. 1-1, at 1]. Defendants removed the suit to federal court on May 29, 2025. [Doc. 1]. On September 23, 2025, Plaintiffs filed a second amended complaint. [Doc. 21]. Plaintiffs allege that during the oryx investigation, Acord and Morales entered the properties of Plaintiffs Jerry and Dana Gum and David and Meagan Dotson without warrants or a warrant exception. [Doc. 21, at 13]. Plaintiffs further allege Acord obtained subsequent warrants for Dotson with a falsified affidavit and illegally seized a rifle and scope, iPhone, and client files belonging to the Dotsons, who are licensed attorneys. *Id.* at 14–18. Plaintiffs further allege Acord "tamper[ed]" with the iPhone, causing security protections to delete work files, personal information, and attorney-client privileged information therein. *Id.* at 19.

The Court issued an Initial Scheduling Order on November 5, 2025, setting the deadline for initial disclosures on November 17, 2025, and a discovery scheduling conference for November 24th. [Doc. 27]. Pursuant to the parties' joint motion, the Court reset the scheduling conference for December 1, 2025, and extended the deadline for initial disclosures to November 24th. [Doc. 29]. The Court issued a Case Management Order on December 1, 2025. [Doc. 34]. The parties began discovery, and on December 23, 2025, Plaintiffs filed their motion to compel.

## II.    BRIEFING SUMMARY

Plaintiffs request the Court compel Acord to disclose photographs shown to be taken by the officer at the Dotson property, all individuals to whom the iPhone and electronic client files were "delivered" as part of the NMDGF investigation, and all individuals who had "custody, possession and control" of the rifle and scope. [Doc. 41, at 10]. Plaintiffs argue Rule 26(a)(1) mandates disclosure of this information because the individuals are "likely to have discoverable information" and the photographs are "documents, electronically stored information, [or] tangible things." *See id.* at 9. Acord responds that Rule 26(a)(1) does not require he make these disclosures

because the rule is limited to discovery that he may use in aid of his defense. [Doc. 46, at 2, 4–6]. Furthermore, Acord argues Plaintiffs had already obtained several of the disclosures they seek prior to filing their motion to compel. *Id.* at 4, 7.[3] Plaintiffs do not reply to Acord's arguments. *See* [Doc. 49]. Instead, Plaintiffs allege Acord failed to disclose communications between his counsel and the District Attorney's Office for New Mexico's Seventh Judicial District, who is prosecuting an unrelated case in which David Dotson is defense counsel. *Id.* at 9.

### III.    <u>APPLICABLE LAW</u>

Rule 26 governs a party's duty to make automatic disclosures in civil actions in federal court. Fed. R. Civ. P. 26(a). Under Rule 26(a)(1), a party "must, without awaiting a discovery request," disclose to the other parties the (1) name and contact information of individuals likely to have discoverable information; and (2) copies of documents, electronically stored information ("ESI"), and tangible things within its "possession, custody, or control." Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii). However, a party need only disclose what it "*may use* to support its claims or defense, unless the use would be solely for impeachment." *Id.* (emphasis added). Therefore, a party does not have a duty to disclose relevant material under Rule 26(a)(1) if it does not intend to use it for its own case. *Hayes v. SkyWest Airlines, Inc.*, 12 F.4th 1186, 1202 (10th Cir. 2021). If the opposing party wishes to obtain that material, it may do so via an appropriate discovery mechanism. *See, e.g.*, Fed. R. Civ. P. 30, 33, 34, 36.

### IV.    <u>ANALYSIS</u>

Plaintiffs' motion to compel is baseless under black-letter law. Plaintiffs do not argue that Acord seeks to use the material they request in his own defense. *See* [Doc. 41]. Nor do they make any showing that Acord based a motion or any other action in this litigation on that material in a

---

[3] Acord also makes an argument based on his first motion for a stay of discovery that has since been resolved. [Doc. 46, at 4]; [Doc. 78 text only].

way that would create a Rule 26(a)(1) violation. *See id.* Nor do Plaintiffs dispute Acord's representation that they received at least some of the material they requested prior to filing their motion to compel; instead, they allege Acord's counsel has communicated with state prosecutors on a separate case involving David Dotson. *See* [Doc. 49]. Plaintiffs argue these communications prove Acord is not disclosing discoverable material that he has instead given to state prosecutors. *See* [Doc. 49, at 1]. Regardless of the claim's veracity, it would not concern Rule 26(a)(1) because Plaintiffs do not argue how Acord may use this undisclosed material for his defense. *See id.* Instead, Plaintiffs argue it proves "retaliation" and "interference" in "ongoing cases." *Id.* If Plaintiffs believe they can prove conduct by counsel which is both a breach of an applicable duty or law and sanctionable by this Court, they must do so through an appropriate motion and with specific supported statements of fact.

## V.    CONCLUSION

For the reasons above, the Court DENIES Plaintiffs' motion to compel [Doc. 41]. Pursuant to Fed. R. Civ. P. 37(a)(5)(B), the Court finds the motion to compel lacks substantial justification and there is no indication that a fee award would be otherwise unjust; therefore, an award of attorney fees to Acord is required. Within **fourteen (14) days** of this Order, Acord may move for an award of attorney fees and costs for expenses incurred responding to the motion to compel. [Doc. 46]. Plaintiffs may file a response contesting amount or reasonableness of the fees requested within **fourteen (14) days** of service of the motion. Acord may file a reply, if any, within **seven (7) days** of service of the response.

IT IS SO ORDERED.

_____
HON. JERRY H. RITTER
United States Magistrate Judge

4