IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID DOTSON,** *et al.***,**

        **Plaintiffs,**

**v.**                                      **No. 1:25-cv-00509-SCY-JHR**

**JOSEPH ACORD and
JOHN DOE 1,** *individually***,**

        **Defendants.**

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO EXTEND THE AMEND PLEADINGS/ADD PARTIES DEADLINES (DOC. 51)

THIS MATTER comes before the Court on Plaintiffs' Motion to Extend the Amend Pleadings/Add Parties Deadlines in the Scheduling Order ("motion to extend"). [Doc. 51]. Defendant Joseph Acord filed a response [Doc. 56] and Plaintiffs did not file a reply. The Court, having reviewed the briefing, case record, and applicable law, DENIES the motion to extend.

### I.      PROCEDURAL BACKGROUND

This case concerns Plaintiffs' claims against New Mexico Department of Game and Fish ("NMDGF") officers Joseph Acord and John Doe 1[1] for their investigation of Plaintiff David Dotson for an oryx kill in the White Sands Missile Range. *See* [Doc. 31, at 12]. The operative pleading is Plaintiffs' second amended complaint, filed September 23, 2025. [Doc. 21]. The Court entered a scheduling order on December 1, 2025, that included a February 9, 2026, deadline for Plaintiffs to move to amend their complaint or join additional parties. [Doc. 34, at 2]. On December 23, 2025, Plaintiffs filed a motion to compel arguing Acord had not completed his initial Rule 26(a)(1) disclosures. [Doc. 41]. The Court denied the motion on May 4, 2026, finding it lacked

---

[1] John Doe 1 appears to be NMDGF officer Jake Morales. *See* [Doc. 31, at 9]. As of this Order, Morales has not been joined as a named party.

1

"substantial justification." [Doc. 80, at 4]. On January 11, 2026, Plaintiffs filed the present motion to extend.

## II.    BRIEFING SUMMARY

Plaintiffs request the Court extend their amendment/joinder deadline "conditional . . . [on] if the Court declines to enter default judgment as a sanction" against Acord for alleged discovery infractions. [Doc. 51, at 9]. Plaintiffs argue these infractions include Acord's failure to comply with court orders to produce documents and respond to interrogatories, complete his Rule 26(a)(1) disclosures, and cooperate on scheduling depositions. *Id.* at 9–10. Plaintiffs offer three specific examples as support: (1) Acord's alleged failure to disclose the name and contact information of persons "involved" in investigating Dotson for the oryx kill; (2) Acord's alleged failure to disclose the "chain of custody" for a rifle and scope seized from the Dotsons' home and the rifle and scope's whereabouts; and (3) defense counsel's initial proposal of dates for a deposition that overlapped with the Dotsons' travel plans. *Id.* Plaintiffs claim these abuses have prevented them from determining persons with "personal knowledge of the underlying facts of the investigation" and timely filing a motion to amend and/or join additional parties. *Id.* at 10.

Acord responds that Plaintiffs' motion obscures his counsel's cooperation with discovery and conferral attempts. [Doc. 56, at 5–6]. His counsel did not oppose an extension when contacted by Plaintiffs but objected to "numerous, irrelevant misrepresentations" in the proposed motion and requested a firm date for the extension. *Id.* at 2. However, Plaintiffs filed their motion to extend without responding to Acord. *Id.* at 5–6. In addition, Acord argues Plaintiffs failed to adequately specify what they need additional time to do before they could file a motion to amend their complaint, overlooked that he had already disclosed the discovery sought by Plaintiffs, and made no meaningful effort to join parties despite knowing the identities of those they've sought to join.

*Id.* at 3–5. Consequently, Plaintiffs have not shown good cause to justify an extension. *Id.* Acord requests his attorney fees and costs for his response brief as a sanction. *Id.* at 6.

### III.  <u>APPLICABLE LAW</u>

A scheduling order's deadlines may only be modified for good cause. Fed. R. Civ. P. 16(b)(4). The linchpin of good cause is whether the party could not have met its deadlines despite diligent efforts to do so. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). In other words, the party seeking modification "must provide an adequate explanation for any delay." *Tesone v. Empire Mkgt. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (internal quotation omitted). Examples of good cause include the revelation of new information material to a claim or defense, recent changes to applicable law, or an unforeseeable need for more time to review or complete disclosures. *Gorsuch*, 771 F.3d at 1240; *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 402–03 (D.N.M. 2018). But carelessness on the part of the movant is "not compatible with a finding of diligence and offers no reason for a grant of relief." *Tesone*, 942 F.3d at 989 (internal quotation omitted).

### IV.  <u>ANALYSIS</u>

The Court finds that Plaintiffs have failed to show good cause for an extension of their amendment/joinder deadline. Plaintiffs do not support their claim of discovery abuses by Acord. Beyond mere accusation, Plaintiffs produce no correspondence showing an attempt by Acord's counsel to "exploit" their absence for scheduling depositions. [Doc. 51, at 9]; [Doc. 56-1, at 1]. Plaintiffs' motion to compel Rule 26(a)(1) disclosures failed to demonstrate Acord withheld any discovery he intended to use for his defense. *See* [Doc. 80]. Plaintiffs' claim that Acord did not adequately respond to interrogatories and "written discovery" lacks specificity, *e.g.,* what discovery requests were served on Acord and how his responses were incomplete. *See* [Doc. 51,

at 10]. The only specific items Plaintiffs identify—names of investigators, lapel camera footage, photographs of the Dotson property, and the rifle and scope's chain of custody and location—were already disclosed.[2] [Doc. 56, at 3]; [Doc. 46, at 2]. Furthermore, the claim that Acord violated court orders is unsupported as the Court previously issued no orders compelling discovery. Plaintiffs cite a statement by the Court during the parties' December 1st scheduling conference, [Doc. 56, at 10], but the Court merely asked the parties to continue trying to resolve their disputes over interrogatories and depositions while granting leave to file necessary related motions. [Doc. 33 text only]. No new orders were issued at nor pursuant to the informal conference.

Even if Plaintiffs supported their claim that they lacked critical discovery, they have not demonstrated the diligence essential to establish good cause. *Tesone*, 942 F.3d at 988–89. Plaintiffs filed no motion to compel proper responses to written discovery requests. *See* [Docs. 80, at 1]. Acord's unrebutted email exhibits show Acord's counsel made a good faith attempt to work with Plaintiffs on Acord's disclosures and offered to stipulate to an extended amendment/joinder deadline. [Docs. 56-1, 56-2]. Plaintiffs describe their request for an extension as "conditional" on the denial of default judgment as a sanction but make no case for that most extreme of discovery sanctions.[3] In short, Plaintiffs argue the lack of critical discovery prevents them from filing a motion to amend or join parties but they did not follow through on their informal nor formal opportunities to obtain it.

## V.    CONCLUSION

For the reasons above, the Court DENIES Plaintiffs' motion to extend. [Doc. 51]. Acord requests the Court award him his fees and costs for the response brief. [Doc. 56, at 6]. However,

---

[2] Acord states he provided this material prior to Plaintiffs' motion to compel and motion to extend, [Docs. 41, 51], and Plaintiffs have never challenged that statement.

[3] *See, e.g.*, *Tom v. S.B., Inc.*, 280 F.R.D. 603, 610–11 (D.N.M. 2012), analyzing a request for default judgment for discovery violations under the Tenth Circuit's *Ehrenhaus* factors for dismissal as a sanction.

Rule 16 does not include a fee-shifting provision for unsuccessful motions to extend pretrial deadlines. *See* Fed. R. Civ. P. 16(f). If Acord believes Plaintiffs have engaged in sanctionable conduct with respect to their motion to extend, Acord may file an appropriate motion.

IT IS SO ORDERED.

HON. JERRY H. RITTER
United States Magistrate Judge