IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID DOTSON**, *et al.*,

       **Plaintiffs,**

v.                              **No. 1:25-cv-00509-SCY-JHR**

**JOSEPH ACORD and
JOHN DOE 1,** *in their individual
capacities*,

       **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY FEES [DOC. 84]

THIS MATTER comes before the Court on Defendant Joseph Acord's *Motion for Attorney's Fees and Costs Related to Defendant's Response to Plaintiff's* [*sic*] *Motion to Compel* ("motion for attorney fees"). [Doc. 84]. Plaintiffs did not file a response before their deadline to do so expired. *See* [Doc. 80, at 4]. The Court, having reviewed the motion, case record, and applicable law, GRANTS IN PART the motion and awards Acord $1041.27 for attorney fees and costs.

### I.    PROCEDURAL BACKGROUND AND DEFENDANT'S MOTION

This case concerns claims arising out of a New Mexico Department of Game and Fish ("NMDGF") investigation into the killing of a protected oryx in the White Sands Missile Range. *See* [Doc. 31, at 12]. Plaintiffs allege that NMDGF officers Joseph Acord and Jake Morales[1] entered onto the properties of Plaintiffs Jerry Gum, Dana Gum, Meagan Dotson, and David Dotson to question them and search the premises without a valid warrant or warrant exception. [Doc. 21, at 12–13]. Plaintiffs allege Acord then falsified an affidavit to obtain a search warrant for the

---

[1]John Doe 1 appears to be Morales, but as of this Order Morales has not been joined as a named party.

Dotsons' property and unlawfully seized a rifle and scope, iPhone, and client files belonging to the Dotsons, who are licensed attorneys. *Id.* at 14–18. On this set of operative fact allegations, Plaintiffs brought § 42 U.S.C. 1983, conspiracy, and conversion claims. *Id.* at 19–26. The Court issued a scheduling order on December 1, 2025, and the parties began discovery. [Doc. 34].

On December 23, 2025, Plaintiffs filed a motion to compel discovery from Acord, arguing he had violated his disclosure obligations under Fed. R. Civ. P. 26(a)(1)(A). [Doc. 41]. On May 4, 2026, the Court found the motion "baseless under black-letter law" because Plaintiffs made no argument that Acord had failed to disclose discovery that he intended to use in support of his own case. [Doc. 80, at 3–4]. Consequently, the Court granted Acord an award of attorney fees and costs for responding to the motion to compel. *Id.* at 4. Acord filed his request for attorney fees on May 18, 2026. [Doc. 84].

Acord seeks $1,380.29 in attorney fees and costs. *Id.* at 2. Acord argues the amount is reasonable based on 5.7 hours of work spent by three attorneys billing at $225 per hour. *Id.* Acord submitted the affidavit of counsel Taylor M. Lueras, who averred their rate is standard for attorneys in the Albuquerque/Santa Fe area of New Mexico who have ten or more years of experience, as all three of Acord's counsel do. [Doc. 84-1, at 1].

## II.    <u>APPLICABLE LAW</u>

If a party successfully defends against a motion to compel discovery, the court must award them their attorney fees for doing so. Fed. R. Civ. P. 37(a)(5)(B). For fee awards generally, work that can receive compensation includes all work that the prevailing party would not have performed but for the sanctionable acts of the losing party. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109 (2017). Thus, courts should consider fees for work that the misconduct caused to happen

even if the same work gave other benefits to the prevailing party. *Fox v. Vice*, 563 U.S. 826, 837–38 (2011).

If the court awards a party its attorney fees, the party has the burden of proving the reasonability of "each dollar, each hour, above zero" requested. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986)). The court then decides in its discretion what would be a reasonable award, with attention to whether the claimed rate reflects the prevailing market in the relevant legal community, and whether the time logs show how counsel allotted their claimed hours to specific tasks. *Id.*; *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250, 1256 (10th Cir. 1998). Grounds for reducing the hours awarded include the inexperience of the lawyer, the failure to keep contemporaneous time records, or unreasonable, unproductive, or excessive time spent. *See Mares*, 801 F.2d at 1203. However, no set of factors or tests exists for that determination so long as the court offers sufficient justification for its conclusion, including its own experience, judgment, and familiarity with the case. *Id.*

Generally, once the court has determined a "lodestar amount" of reasonable hours expended multiplied by a reasonable rate of fees, it may then further consider factors such as (1) the hours normally billed to a client; (2) the number of hours spent on each task; (3) the complexity of the issue; (4) the number of reasonable strategies pursued; (5) the responses necessitated by the maneuvering of the other side; and (6) the potential duplication of services. *Jane L.*, 61 F.3d at 1509; *Stenson v. Edmonds*, 86 F.4th 870, 879 (10th Cir. 2023).

### III.  <u>ANALYSIS</u>

The Court finds that $225 per hour for Acord's counsel is reasonable. That hourly rate for Albuquerque-based civil attorneys with ten plus years of experience falls within the range

commonly awarded in the District of New Mexico. *See Herrera v. Gadsden Indep. Sch. Dist.*, No. 24-cv-00127, 2025 WL 2858948, at *2 (D.N.M. Oct. 8, 2025) (collecting cases). In addition, inclusion of gross receipt tax is awardable with attorney fees. *Florence-Chavez v. Nationwide Ins. Co. of Am.*, No. 25-cv-00465, 2026 WL 1329708, at *4 (D.N.M. May 13, 2026) (citing *Olivo v. Crawford Chevrolet Inc.*, 526 F. App'x 852, 856 (10th Cir. 2013)). However, review of counsel's affidavit demonstrates billing for potentially duplicative service; specifically, review of and research on Plaintiffs' motion to compel while the parties informally conferred. [Doc. 84-1, at 2]. In addition, the legal issues raised by Plaintiffs' motion to compel were not complex given the deficiencies in Plaintiffs' argument. Therefore, the Court will exclude from the award the 1.4 hours Acord's counsel charged prior to Plaintiffs' filing of the motion to compel. *See id.* At $225 per hour rate for 4.3 hours expended, in addition to gross receipts tax at 7.625%, reasonable fees and costs for Acord's response to Plaintiffs' motion to compel comes to $1041.27.

## IV.  CONCLUSION

For the reasons above, the Court GRANTS IN PART Acord's motion for attorney fees and awards Acord $1041.27 in attorney fees and costs. Plaintiffs' counsel David and Meagan Dotson shall pay the fees to Acord and file notice that they have done so within **thirty (30) days** of this Order. Plaintiffs' counsel shall not pass any portion of the fees and costs to the Gums or the 288 clients of David and Meagan Dotson.

IT IS SO ORDERED.

_____
HON. JERRY H. RITTER
United States Magistrate Judge

4