## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DAVID DOTSON,** *et al.***,**

      **Plaintiffs,**

**v.**                                   **No. 1:25-cv-00509-SCY-JHR**

**JOSEPH ACORD and**
**JOHN DOE 1,** *in their individual*
*capacities***,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S SECOND MOTION TO STAY DISCOVERY BASED ON QUALIFIED IMMUNITY [DOC. 77]

THIS MATTER comes before the Court on Defendant Joseph Acord's *Second Motion to Stay Discovery Pending Ruling on Motion for Summary Judgment Based on Qualified Immunity* ("motion to stay discovery"). [Doc. 77]. Plaintiffs did not file a response before their deadline to do so expired under D.N.M.LR-Civ. 7.4(a). The Court, having reviewed the motion, case record, and applicable law, finds the motion is well-taken and GRANTS the motion to stay discovery.

### I.    PROCEDURAL BACKGROUND AND DEFENDANT'S MOTION

This case concerns claims arising out of a New Mexico Department of Game and Fish ("NMDGF") investigation into the killing of a protected oryx in the White Sands Missile Range. *See* [Doc. 31, at 12]. Plaintiffs allege that NMDGF officers Joseph Acord and Jake Morales[1] entered onto the properties of Plaintiffs Jerry Gum, Dana Gum, Meagan Dotson, and David Dotson to question them and search the premises without a valid warrant or warrant exception. [Doc. 21, at 12–13]. Plaintiffs allege Acord then falsified an affidavit to obtain a search warrant for the Dotsons' property and unlawfully seized a rifle and scope, iPhone, and client files belonging to

---

[1] John Doe 1 appears to be Morales, but as of this Order Morales has not been joined as a named party.

the Dotsons, who are licensed attorneys. *Id.* at 14–18. On this same set of operative fact allegations, Plaintiffs brought § 42 U.S.C. 1983, conspiracy, and conversion claims. *Id.* at 19–26.

On December 29, 2025, Acord filed a motion for summary judgment on the basis of qualified immunity against the Gums' claims, accompanied by a motion to stay discovery. [Docs. 42, 43]. Before the Court ruled on the motion to stay, the Court granted the motion for summary judgment. [Doc. 66]. On March 9, 2026, Acord filed a second motion for summary judgment on the basis of qualified immunity, seeking dismissal of Plaintiffs' § 1983 and conspiracy claims. [Doc. 63]. On May 1, 2026, Acord filed the instant motion to stay discovery pending resolution of the second motion for summary judgment. [Doc. 77]. Acord argues that the defense of qualified immunity entitles him to protection from the burdens of litigation, not just liability. *Id.* at 2. Because he is the only Defendant, no discovery can continue without costing him the benefit of that protection. *Id.* at 3.

## II.    APPLICABLE LAW

When a government official is entitled to qualified immunity for an alleged violation of constitutional or statutory rights, the claim against them cannot succeed unless a reasonable person would have understood the official's conduct violated clearly established law. *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The doctrine is more limited than other forms of immunity, allowing plaintiffs to hold defendants personally accountable for obvious violations of their rights when there are few if any other ways to rectify them. *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). On the other hand, qualified immunity defers to the discretion entrusted to the official position the defendant occupies where a violation of a plaintiff's rights is less obvious. *See id*. at 807. Doing so conserves public resources in the face of time-consuming litigation and avoids discouraging people from discharging their

governmental duties in situations where the law lacks clear guidance. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

Qualified immunity relieves defendants of the time and cost of litigation and trial itself, not just liability. *Mitchell v. Forsyth*, 472 U.S. 511, 527–28 (1985). To that end, the court usually must stay discovery until it resolves the threshold issue of whether qualified immunity would bar the plaintiff's claims on the pleadings. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). This mandate can include staying discovery for other defendants or claims unaffected by qualified immunity to relieve the defendant of the pressure of participating in discovery "to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). But trial courts still retain some discretion on the scope of the stay. *Graham v. Gray*, 827 F.2d 679, 681 (10th Cir. 1987). The decision "depends greatly on each case's facts and progress." *Green v. Padilla*, 697 F.Supp.3d 1115, 1177 (D.N.M. 2023). For example, courts may order limited discovery where necessary to resolve dispositive factual issues integral to the qualified immunity decision. *Hansen v. PT Bank Negara Indonesia (Persero)*, *TBK*, 601 F.3d 1059, 1064 (10th Cir. 2010); *Workman*, 958 F.2d at 336.

Yet qualified immunity is ultimately a legal question and discovery may not continue by framing qualified immunity as a "fact issue." *Workman*, 958 F.2d at 336. It is a plaintiff's burden to show "how discovery will raise a genuine fact issue as to the defendant['s] qualified immunity claim." *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1387 (10th Cir. 1994). Consequently, it is the common practice of the District of New Mexico to grant a complete stay once qualified immunity is raised, even in cases with multiple defendants and claims unaffected by the qualified immunity defense. *Encinias v. N.M. Corr. Dep't,* No. 21-cv-01145, 2022 WL 2341629, at *2 (D.N.M. June 29, 2022) (collecting cases).

### III.  <u>ANALYSIS</u>

3

The Court finds there are grounds for a complete stay of discovery based on qualified immunity. Acord can and has raised the defense to Plaintiffs' § 1983 claims. *See Filarsky v. Delia*, 566 U.S. 377, 383–84 (2012) (qualified immunity available for public employees performing investigative activities on behalf of the State). While Acord does not seek summary judgment on all claims, qualified immunity is a protection against litigation itself and all claims here revolve around the same set of factual allegations. *Herrera v. Santa Fe Pub. Schs.*, No. 11-cv-00422, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012). Nor does the discovery already conducted on these factual allegations preclude a stay now. *Id.* at 7 (citing *Harlow*, 457 U.S. at 818–19). And Plaintiffs make no argument that a proper resolution of Acord's qualified immunity defense depends on certain discovery, or that any other exceptional circumstance exists which this Court has recognized previously to limit or reject a discovery stay. *Id.* at *6; *Ferro v. Bd. of Cnty. Comm'rs*, No. 18-cv-00223, 2018 WL 5268202, at *3 (D.N.M. Oct. 23, 2018); *Cruz v. City of Deming*, 687 F. Supp. 3d 1155, 1169 (D.N.M. 2023). Therefore, a stay of discovery until the Court resolves Acord's second motion for summary judgment, [Doc. 63], is proper.

## IV.  **CONCLUSION**

For the reasons above, the Court GRANTS Acord's motion to stay discovery until it resolves the second motion for summary judgment [Doc. 63]. The discovery stay shall not apply to the briefing schedule and resolution of Acord's motion for judgment on the pleadings [Doc. 76] or Plaintiffs' deadline to satisfy Acord's attorney fees and costs award. [Doc. 85].

IT IS SO ORDERED.

_____
HON. JERRY H. RITTER
United States Magistrate Judge

4